IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
DEL RIO DIVISION

| | | |
|---|---|---|
| **DONALD SEHR, Individually and On Behalf of All Others Similarly Situated,** § § § | | |
| **Plaintiff,** § § | | **Civil Action No.** |
| **v.** § § | | **2:17-CV-065** |
| **VAL VERDE HOSPITAL CORPORATION d/b/a VAL VERDE REGIONAL MEDICAL CENTER; METHODIST HEALTHCARE SYSTEM OF SAN ANTONIO, LTD, LLP; AND HCA HEALTH SERVICES OF TEXAS, INC.,** § § § § § § § § | | |
| **Defendants.** § | | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

Plaintiff Donald Sehr ("Named Plaintiff") on behalf of himself and all others similarly situated ("Class Members" herein) (Named Plaintiff and Class Members are collectively referred to herein as "Plaintiffs") brings this Fair Labor Standards Act ("FLSA") suit against the above-named Defendants under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, as amended. For cause of action, he respectfully shows as follows:

**I. NATURE OF SUIT**

1. The FLSA was passed by Congress in 1938 in an attempt to eliminate low wages and long hours and to correct conditions that were detrimental to the health and well-being of workers. *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 706 (1945). In order to achieve its humanitarian goals, the FLSA "limits to 40 a week the number of hours that an employer may employ any of his employees subject to the Act, unless the employee receives compensation for his employment in excess of 40

hours at a rate not less than one and one-half times the regular rate at which he is employed." *Walling v. Helmerich & Payne,* 323 U.S. 37, 40 (1944) (discussing the requirements of 29 U.S.C. § 207(a)).

2. Defendants have violated the FLSA by failing to pay its Registered Nurses ("RNs") and Licensed Vocational Nurses ("LVNs") in accordance with the guarantees and protections of the FLSA. Defendants have failed and refused to pay its RNs and LVNs at time-and-one-half their regular rates of pay for all hours worked in excess of forty hours within a workweek by automatically deducting Plaintiffs' pay for meal break periods even though the Plaintiffs were not completely relieved from duty during that period. Because there are other putative plaintiffs who are similarly situated to the Named Plaintiff with regard to the work performed and the Defendants' compensation policies, Named Plaintiff bring this action as a collective action pursuant to 29 U.S.C. § 216(b).

## II. PARTIES

3. Named Plaintiff Donald Sehr is an individual who resides in Val Verde County, Texas. He was employed by Defendants within the meaning of the FLSA from June 2001 until March 2017. Named Plaintiff Donald Sehr has consented to be a party-plaintiff to this action, as indicated in his consent form, which is attached hereto as "Exhibit A."

4. The Named Plaintiff and Class Members are Defendants' current and former Registered Nurses ("RNs") and Licensed Vocational Nurses ("LVNs") who worked as such for Defendants in the United States of America. Defendants paid Named Plaintiff and Class Members an hourly wage.

5. Val Verde Hospital Corporation is a domestic nonprofit corporation that is currently authorized to do business in Texas, and that is doing business in Texas. It operates under the assumed names of Val Verde Regional Medical Center, Hospice of Val Verde Regional Medical Center, and Val

Verde Health Clinic. Its principal office is located in Del Rio, Texas. Its registered agent for service of process is Xochy Hurtado, 801 Bedell Avenue, Del Rio, Texas 78840.

6. Methodist Healthcare System of San Antonio, Ltd., LLP is a domestic limited partnership that is currently authorized to do business in Texas, and that is doing business in Texas. Its principal office is located in San Antonio, Texas. Its registered agent for service of process is Capitol Corporate Services, Inc., 206 E. 9th Street, Suite 1300, Austin, Texas 78701-4411.

7. HCA Health Services of Texas, Inc. is a domestic for-profit corporation that is currently authorized to do business in Texas, and that is doing business in Texas. Its principal office is located in Nashville, Tennessee. Its registered agent for service of process is CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136.

### III. JURISDICTION AND VENUE

8. This Court has subject matter jurisdiction in this case because Named Plaintiff asserts claims arising under federal law. Specifically, Named Plaintiff asserts claims arising under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq*. This Court, therefore, has subject matter jurisdiction pursuant to 28 U.S.C. § 1331. This Court also has personal jurisdiction over all parties to this action.

9. Venue is proper in the Del Rio Division of the United States District Court for the Western District of Texas. Named Plaintiff Sehr was an employee of Defendants, and performed work for Defendants, in Del Rio, Texas from 2001 until March 2017. Defendants continue to do business in Del Rio, Texas. In addition, inasmuch as Defendants are subject to this Court's personal jurisdiction for purposes of this civil action, Defendants reside in this district and division. Venue in this Court is therefore proper under 28 U.S.C. § 1391(b).

## IV. COVERAGE UNDER THE FLSA

10. At all relevant times, Defendants have, jointly or individually, acted, directly or indirectly, in the interest of an employer with respect to Named Plaintiff and the Class Members.

11. At all times hereinafter mentioned, Defendants have, jointly or individually, been an "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

12. At all times hereinafter mentioned, Defendants have been engaged in an "enterprise" within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

13. At all times hereinafter mentioned, Defendants have been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that Defendants are an enterprise and have had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

14. At all times hereinafter mentioned, Named Plaintiff and Class Members were individual "employees" (as defined in Section 3(e)(1) of the FLSA, 29 U.S.C. § 203(e)(1)) who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §207 and whom Defendants at all relevant times "employ[ed]" within the meaning of Section 3(g) of the FLSA, 29 U.S.C. § 203(g).

## V. FACTUAL ALLEGATIONS

15. Defendants operate Val Verde Regional Medical Center in Del Rio, Texas. Val Verde Regional Medical Center is a full-service medical facility. It operates in partnership with Methodist

Healthcare System of San Antonio, Ltd., LLP.  HCA co-owns Methodist Healthcare System of San Antonio, Ltd. LLP with Methodist Healthcare Ministries.

16. Named Plaintiff Sehr is a Registered Nurse (RN) who worked as such for Defendants from 2001 until March of 2017.  The pay practices described below are applicable to both Defendants' RNs and LVNs.

17. Named Plaintiff and Class Members have routinely handled or otherwise worked on goods that have been moved in or produced for commerce.  For example, during their day-to-day work, Named Plaintiff and Class Members have often utilized pharmaceuticals and medical equipment, such as needles, syringes, gauze, bedding, beds, wheelchairs (and other durable medical equipment), vital sign monitors, stethoscopes (and other diagnostic equipment), and cleaning and sterilization products which were manufactured outside the State of Texas or outside the United States of America.

18. Defendants did not pay Named Plaintiff or Class Members on a salary or a fee basis pursuant to 29 C.F.R. §541.600.  Instead, Defendants paid Named Plaintiff and Class Members an hourly wage.

19. For all times relevant to this action, Named Plaintiff and Class Members were employees who were not exempt from the protections of the FLSA.  They were, therefore, entitled to receive overtime compensation at a rate not less than one-and-one-half their regular rates of pay for all work hours in excess of 40 in a workweek.  Defendants paid Plaintiffs at proper overtime rates for some of their work in excess of 40 hours in a workweek.  However, for the reasons discussed below, Defendants did not pay Plaintiffs at proper overtime rates for all of their work in excess of 40 hours in a workweek.

20. Named Plaintiff and Class Members often worked in excess of 40 hours in a workweek. However, Defendants failed and refused to pay them at a rate not less than one and one-half their regular rates of pay for all hours worked in a workweek. Specifically, Defendants routinely scheduled Named Plaintiff and Class Members to work five 12-hour shifts per week. Thus, Plaintiffs were routinely scheduled to work 60 hours per week.

21. In addition, Defendants required its nurses who were responsible for direct patient care to maintain that responsibility for patient care throughout their 12-hour shifts. As a result, Named Plaintiff and Class Members routinely worked throughout their 12-hour shifts, including throughout all or part of their 30-minute meal breaks. Defendants had a policy of simply assuming that Named Plaintiff and Class Members were able to take a *bona fide* meal period and therefore automatically deducted 30 minutes from their hours worked for the day. In fact, during virtually every shift, Named Plaintiff and Class Members were called upon to work, even though they were ostensibly on their lunch breaks. Although Named Plaintiff and Class Members were rarely, if ever, completely relieved of duty during their meal periods, Defendants failed and refused to pay Named Plaintiff and Class Members for their working time during those meal breaks.

22. More specifically, during the week of December 3, 2016, Defendants deducted for Named Plaintiff Sehr's meal periods on 5 occasions. However, Named Plaintiff Sehr was not completely relieved from duty for any of those deducted meal periods. As a result, for that week alone, Defendants failed to pay Named Plaintiff Sehr for 2.5 hours of overtime. This is but one example of Defendants' policy of automatic meal period deduction resulting in an underpayment of overtime to Named Plaintiff Sehr.

23. Named Plaintiff and Class Members had their meal periods illegally deducted during weeks in which they worked overtime hours. As a result, Defendants' policy of automatically deducting for

meal periods has resulted and continues to result in Defendants failing and refusing to compensate Named Plaintiff and Class Members at time and one-half their regular rates of pay for all hours worked in a workweek. Defendants maintained this policy for the entirety of Named Plaintiffs' employment of nearly 16 years, and they continue to maintain it today.

24. Defendants have employed and are employing other individuals as RNs and LVNs who have performed the same job duties under the same pay provisions as Named Plaintiff Sehr in that they have performed, or are performing, the same job duties, have consistently worked in excess of forty hours in a workweek, and have been denied overtime compensation at a rate of not less than one-and-one-half times their regular rates of pay when Defendant automatically deducted their pay for meal break periods even though Named Plaintiff and Class Members were not completely relieved from duty during that period.

25. Defendants knowingly, willfully, or with reckless disregard carried out, and continues to carry out, its illegal pattern or practice of failing to pay overtime compensation to Named Plaintiff and the Class Members.

## VI. COLLECTIVE ACTION ALLEGATIONS

26. Named Plaintiff and the Class Members have performed, and are performing, the same or similar job duties as one another in that they worked as, and performed the duties of RNs and LVNs in the Val Verde Regional Medical Center in Del Rio, Texas. Further, Named Plaintiff and the Class Members were subjected to the same pay provisions in that they were all paid an hourly wage, but they were not compensated at the rate of at least one and one-half their regular rates of pay for all hours worked in excess of 40 in a workweek. More specifically, Defendants failed and refused to pay Named Plaintiff and Class Members for time automatically deducted for meal breaks, even though Named Plaintiff and Class Members were not completely relieved of their duties.

Moreover, Named Plaintiff and Class Members consistently worked in excess of forty (40) hours in a workweek. Thus, the Class Members are owed unpaid overtime for the same reasons as Named Plaintiff, without regard to their individualized circumstances.

27. Defendants' failure to compensate employees for hours worked in excess of 40 in a workweek as required by the FLSA results from a policy or practice of paying Named Plaintiff and Class Members in the manner described herein above. This policy or practice is and has been, at all relevant times, applicable to the Named Plaintiff and all Class Members. Application of this policy or practice does not depend on the personal circumstances of the Named Plaintiff or those joining this lawsuit. Rather, the same policy or practice that resulted in the non-payment of overtime compensation to Named Plaintiff also applied to all Class Members. Accordingly, the "Class Members" are properly defined as:

> **All current and former individuals who worked as Registered Nurses or Licensed Vocational Nurses at Val Verde Regional Medical Center for the past three years who, because one or more of their meal periods were interrupted by the demands of their work, were not paid at the rate of at least one-and-one-half of their regular rates of pay for all hours worked in excess of forty (40) hours in a workweek.**

### VII. CAUSE OF ACTION: FAILURE TO PAY WAGES IN ACCORDANCE WITH THE FAIR LABOR STANDARDS ACT

28. During the relevant period, Defendants have violated and are violating Section 7 of the FLSA, 29 U.S.C. §§ 207 and 215(a)(2), by employing employees in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA as stated herein above, for workweeks longer than 40 hours without compensating such employees for all of their work in excess of forty hours per week at rates no less than one-and-one-half times their regular rates for which they were employed. Defendants have acted willfully in failing to pay Named Plaintiff and the Class Members in accordance with applicable law.

## VIII. PRAYER FOR RELIEF

WHEREFORE, cause having been shown, Named Plaintiff prays for an expedited order certifying a class and directing notice to putative class members pursuant to 29 U.S.C. § 216(b) and, individually, and on behalf of any and all such class members, on trial of this cause, judgment against Defendants, jointly and severally, as follows:

a.  For an Order pursuant to Section 16(b) of the FLSA, 29 U.S.C. §216(b), finding Defendants liable for unpaid back wages due to Plaintiffs (and those who may join in the suit) and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiffs (and those who may join the suit);

b.  For an Order awarding Plaintiffs (and those who may join in the suit) the taxable costs and allowable expenses of this action;

c.  For an Order awarding Plaintiffs (and those who may join in the suit) attorneys' fees; and

d.  For an Order awarding Plaintiffs (and those who may join in the suit) pre-judgment and post-judgment interest at the highest rates allowed by law;

e.  For an Order awarding Plaintiffs declaratory and injunctive relief as necessary to prevent the Defendants' further violations, and to effectuate the purposes, of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq.*; and

f.  For an Order granting such other and further relief, at law or in equity, as may be necessary and/or appropriate.

Respectfully Submitted,

**MORELAND LAW FIRM, P.C.**
13590 Ranch Road 12
Wimberley, Texas 78676
(512) 782-0567
(512) 782-0605 - telecopier

By: */s/ Edmond S. Moreland, Jr.*
    Edmond S. Moreland, Jr.
    State Bar No. 24002644
    edmond@morelandlaw.com

Daniel A. Verrett
Texas State Bar No. 24075220
The Commissioners House at Heritage Square
2901 Bee Cave Road, Box L
Austin, Texas 78746
Tel: (512) 782-0567
Fax: (512) 782-0605
daniel@morelandlaw.com

**ATTORNEYS FOR PLAINTIFF**