IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
DEL RIO DIVISION

| | | |
|---|---|---|
| DONALD SEHR, Individually and On Behalf of All Others Similarly Situated, PLAINTIFF | § § § § | |
| v. | § § § | CAUSE NO. 2:17-cv-065 |
| VAL VERDE HOSPITAL CORP. d/b/a VAL VERDE REGIONAL MEDICAL CENTER; METHODIST HEALTH-CARE SYSTEM OF SAN ANTONIO, LTD, LLP; and HCA HEATH SERVICES OF TEXAS, INC., DEFENDANTS. | § § § § § § § § | |

**DEFENDANT VAL VERDE HOSPITAL CORP.'S ANSWER
TO PLAINTIFF'S ORIGINAL COMPLAINT**

TO THE HONORABLE UNITED STATES DISTRICT COURT:

COMES NOW, **Val Verde Hospital Corporation, d/b/a Val Verde Regional Medical Center ("Defendant" or "Val Verde")**, and files its Answer to Plaintiff's Original Complaint ("Complaint") and in support thereof respectfully submits to this Honorable Court the following:

**I. NATURE OF SUIT**

1. The allegations in Paragraph 1 of the Complaint state legal conclusions to which no responsive pleading is required. To the extent any further response is required, Defendant denies any violation of law and states that the allegations in Paragraph 1 do not represent a wholly accurate statement of controlling law.

2. Defendant admits that Plaintiff purports to bring this action as a collective action. Defendant denies the remaining allegations contained in Paragraph 2 of the Complaint.

## II.  PARTIES

3. Defendant admits that Plaintiff Donald Sehr was employed by Val Verde within the meaning of the FLSA from June 2001 until March 2017 and that he has consented to be a party-plaintiff to this action.  Defendant is without sufficient information to admit or deny Mr. Sehr's current place of residence, so therefore denies the remaining allegations contained in Paragraph 3 of the Complaint.

4. Defendant admits that Donald Sehr was a Registered Nurse who formerly worked as such for Val Verde in the United States of America, and that Mr. Sehr was paid an hourly wage. Defendant denies all remaining allegations contained in Paragraph 4 of the Complaint.

5. Defendant admits the allegations contained in Paragraph 5 of the Complaint.

6. Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 6 of the Complaint, and therefore denies same.

7. Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 7 of the Complaint, and therefore denies same.

## III.  JURISDICTION AND VENUE

8. Defendant admits the allegations contained in Paragraph 8 of the Complaint that relate to subject matter jurisdiction.  Defendant further admits that this Court has personal jurisdiction over Defendant.  Defendant is without sufficient information to admit or deny the remaining allegations in Paragraph 8 of the Complaint, and therefore denies all remaining allegations contained in Paragraph 8.

9. Defendant admits that venue in this Court is proper and that Mr. Sehr was an employee of Val Verde, and performed work for Val Verde in Del Rio, Texas, from June 2001 until March 2017.  Defendant continues to do business in Del Rio, Texas.  Defendant is without

sufficient information to admit or deny the remaining allegations in Paragraph 9 of the Complaint, and therefore denies all remaining allegations contained in Paragraph 9.

## IV. COVERAGE UNDER THE FLSA

10. With respect to Defendant alone, Defendant admits that Defendant has acted in the interest of an employer with respect to Named Plaintiff and certain putative Class Members; except as expressly admitted herein, Defendant denies the remaining allegations contained in Paragraph 10 of the Complaint.

11. With respect to Defendant alone, Defendant admits that Defendant has been an employer within the meaning of Section 3(d) of the FLSA; except as expressly admitted herein, Defendant denies the remaining allegations contained in Paragraph 11 of the Complaint.

12. With respect to Defendant alone, Defendant admits that Defendant has been engaged in an enterprise within the meaning of Section 3(r) of the FLSA; except as expressly admitted herein, Defendant denies the remaining allegations contained in Paragraph 12 of the Complaint.

13. With respect to Defendant alone, Defendant admits that Defendant has been engaged in commerce within the meaning of Section 3(s)(1) of the FLSA; except as expressly admitted herein, Defendant denies the remaining allegations contained in Paragraph 13 of the Complaint.

14. With respect to Defendant alone, Defendant admits that Named Plaintiff and certain putative Class Members were individual employees who were engaged in commerce as required by 29 U.S.C. § 207 and whom Defendant employed within the meaning of Section 3(g) of the FLSA; except as expressly admitted herein, Defendant denies the remaining allegations contained in Paragraph 14 of the Complaint.

## V.  FACTUAL ALLEGATIONS

15. Defendant admits that it operates Val Verde Regional Medical Center in Del Rio, Texas and that Val Verde Regional Medical Center is a full-service medical facility.  Defendant denies the remaining allegations contained in Paragraph 15 of the Complaint.

16. Defendant admits that Mr. Sehr was a Registered Nurse who worked as such for Defendant from June 2001 until March 2017.  Defendant denies the remaining allegations contained in Paragraph 16 of the Complaint.

17. Defendant admits the allegations contained in Paragraph 17 of the Complaint.

18. With respect to Defendant alone, Defendant admits that Defendant did not pay Named Plaintiff or certain putative Class Members on a salary or fee basis and instead paid those employees an hourly wage; except as expressly admitted herein, Defendant denies the remaining allegations contained in Paragraph 18 of the Complaint.

19. Defendant admits that Named Plaintiff and Class Members were employees who were not exempt from the FLSA, were entitled to overtime compensation, and were paid by Defendant at proper overtime rates of their work in excess of 40 hours per workweek.  Defendant denies the remaining allegations contained in Paragraph 19 of the Complaint.

20. Defendant denies the allegations contained in Paragraph 20 of the Complaint.

21. Defendant denies the allegations contained in Paragraph 21 of the Complaint.

22. Defendant denies the allegations contained in Paragraph 22 of the Complaint.

23. Defendant admits that it has a policy of automatically deducting a 30-minute meal break from certain hourly employees' time records if that employee did not clock-in and clock-out for their mandatory meal break, and that Defendant maintained this policy with respect to certain employees during Mr. Sehr's employment with Defendant.  Defendant denies

that this policy is illegal, and denies the remaining allegations contained in Paragraph 23 of the Complaint.

24. Defendant admits that it has employed and continues to employ other individuals as RNs and LVNs and who perform similar job duties under similar pay provisions as Mr. Sehr. Defendant denies the remaining allegations contained in Paragraph 24 of the Complaint.

25. Defendant denies the allegations contained in Paragraph 25 of the Complaint.

## VI.  COLLECTIVE ACTION ALLEGATIONS

26. Defendant admits that Mr. Sehr and certain other employees have performed, and are performing, similar job duties as RNs and LVNs in the Val Verde Regional Medical Center.  However Defendant denies that there is sufficient commonality to support class or collective allegations and specifically denies the remaining allegations contained in Paragraph 26 of the Complaint.

27. Defendant denies the allegations contained in Paragraph 27 of the Complaint.

## VII.  CAUSE OF ACTION: FAILURE TO PAY WAGES IN ACCORDANCE WITH THE FLSA

28. Defendant denies the allegations contained in Paragraph 28 of the Complaint.

## VIII PRAYER FOR RELIEF

Defendant further denies that Plaintiff or any Class Member is entitled to any of the relief sought in the unnumbered paragraphs following Paragraph 28 of the Complaint.  To the extent not heretofore admitted, denied, or modified, Defendant now denies any remaining allegations contained in Plaintiff's Complaint.

## AFFIRMATIVE DEFENSES

By way of further answer, Defendant affirmatively pleads the following defenses. Defendant reserves the right to supplement these pleadings with further applicable defenses as

more facts become available. To the extent any defenses or legal theories may be interpreted as inconsistent, they are pleaded in the alternative.

1. Defendant affirmatively pleads that Plaintiff has failed to state a claim upon which relief may be granted.

2. Defendant affirmatively pleads the defense of Laches.

3. Defendant affirmatively pleads the defense of Unclean Hands.

4. Defendant affirmatively pleads the defense of Waiver.

5. Defendant invokes the defenses, protections, and limitations of the FLSA.

6. Defendant avers that collective relief is inappropriate because individual issues predominate over issues generally applicable to a collective action.

7. Defendant affirmatively pleads that all or some of Plaintiff's or Putative Class Members' claims are barred by the applicable statute of limitations. Specifically, without waiving Plaintiff's obligation to prove any alleged denial of his rights, Defendant aver that it did not act willfully in the alleged denial of any right of Plaintiff or Putative Class Member, and as such, any claims beyond two year from the date suit was filed, or opt-ins are filed, are barred by the statute of limitations. In the alternative, and without waiving Plaintiff's obligation to prove any alleged denial of his rights, all claims beyond three years from the date suit was filed are barred by the statute of limitations.

8. Defendant affirmatively pleads that at all times Defendant acted in good faith and had reasonable grounds for believing its actions were in compliance with the FLSA.

9. Defendant affirmatively pleads that at all times Defendant acted in good faith and did not act recklessly or willfully and had a reasonable basis for belief that their practices were in compliance with the requirements of the FLSA.

10. Plaintiff's claims are barred to the extent any activities were not principal activities under the Portal-to-Portal Act.

11. Plaintiff's claims are barred to the extent any activities were preliminary or postliminary activities as defined under the Portal-to-Portal Act.

12. To the extent Plaintiff suffered any damages, those damages were not caused by Defendant's actions.

13. This action is barred to the extent Plaintiff seeks recovery for time that is not compensable time, *i.e.,* "hours worked" under the FLSA.

14. Plaintiff's action is barred because he seeks to recover for time that is *de minimis* work time and thus not compensable under the FLSA.

15. In the alternative, Defendant is entitled to offset monies or other consideration paid or provided to Plaintiff or Putative Class Members by Defendant for periods in which Plaintiff or Putative Class Member was not engaged to work.

16. To the extent Plaintiff seeks damages not recoverable under the FLSA, Plaintiff is barred from such recovery.

17. Defendant reserves the right to assert further affirmative defenses as they become evident through discovery or investigation.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant Val Verde Hospital Corporation prays that Plaintiff take nothing, and that this cause of action should be dismissed in its entirety, with prejudice, and that Defendant be awarded attorney's fees and costs, and such other and further relief to which Defendant may show to be justly entitled.

Respectfully submitted,

By: /s/ Scott Brutocao
Scott Brutocao
sbrutocao@cornellsmith.com
State Bar No. 24025781
Andrew J. Broadaway
abroadaway@cornellsmith.com
State Bar No. 24082332

**CORNELL SMITH MIERL & BRUTOCAO, LLP**
1607 West Avenue
Austin, Texas 78701
Telephone:  (512) 328-1540
Telecopy:   (512) 328-1541

**Attorneys for Defendant**

## CERTIFICATE OF SERVICE

I hereby certify that on the 19th day of January, 2018, I electronically filed the foregoing with the Clerk of the Court using the electronic filing system which will send notification of such filing to the following:

MORELAND LAW FIRM, P.C.
13590 Ranch Road 12
Wimberley, Texas 78676

Edmond S. Moreland, Jr.
edmond@morelandlaw.com
Daniel A. Verrett
daniel@morelandlaw.com

**Attorneys for Plaintiff**

By:    /s/ Andrew J. Broadaway
Andrew J. Broadaway